**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TRAVEL SPIKE, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-3199-RWS |
| TRAVEL AD NETWORK, INC., | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss, or, in the alternative, Transfer the Case [5], Defendant's Motion to Stay Discovery and Pretrial Deadlines Pending Resolution of Motion to Dismiss or Transfer [12], Defendant's Motion to Strike Status Report [40], and Plaintiff's Motion Seeking an Order Allowing Discovery to Commence and Compelling Defendant to Respond to Discovery [42]. After reviewing the record, the Court enters the following Order.

As an initial matter, Plaintiff filed a Response [41] to Defendant's Motion to Strike Status Report [40] in which Plaintiff requested permission to withdraw its Status Report [39]. After due consideration, Plaintiff's request is

**GRANTED** and the Status Report [39] is deemed **WITHDRAWN** and Defendant's Motion to Strike [40] is **DENIED as moot**.

The Complaint was filed in the present case on the same day that a Complaint was filed by Defendant against Plaintiff in the United States District Court for the Eastern District of New York (the "New York case"). The New York case was filed earlier than the present action. Defendant filed a Motion to Dismiss or, in the Alternative, to Transfer the Case to the Eastern District of New York [5] on September 28, 2011. On October 13, 2011, Defendant filed a Motion to Stay Discovery and Pretrial Deadlines Pending Resolution of the Motion to Dismiss or Transfer [12]. In that Motion, Defendant seeks to have the discovery and disclosure requirements in the present case stayed until a decision is made concerning whether this case shall proceed in this Court or the Eastern District of New York. Plaintiff filed a Motion Seeking an Order Allowing Discovery to Commence and Compelling Defendant to Respond to Discovery on March 13, 2012 requesting that the Court order that discovery proceed in the present case.

In Defendant's Motion to Transfer the Case [5-2], Defendant argues that under the "first-filed" rule, this case should be transferred to the Eastern District of New York, and therefore, discovery should not proceed in this action. "The

2

'first-filed' rule provides that 'when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case.' " Barnett v. Alabama, 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001) (decision of three judge panel) (quoting Allstate Ins. Co. v. Clohessy, 9 F. Supp. 2d 1314, 1315-16 (M.D. Fla. 1998); see also Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."). "The rule rests on principles of comity and sound judicial administration" and serves "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 604 (5th Cir. 1999). In the Eleventh Circuit, "the party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." Manuel, 430 F.3d at 1135; see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) ("In [the] absence

3

of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").

In this case, it is beyond dispute that there is substantial overlap between the case pending in this Court and the New York case. The parties do not dispute that the New York case was filed in advance of the present case. Plaintiff contends that the New York case was filed in a strategic race to the courthouse.

"'[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.' " Cadle, 174 F.3d at 606 (quoting Sutter Corp. v. P & P Indus., Inc., 125 F.3d 914, 920 (5th Cir. 1997)). Courts applying this rule generally agree "that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." Id. (quotations omitted); e.g., Perkins v. Am. Nat. Ins. Co., 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006) ("[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated

4

AO 72A
(Rev.8/82)

action."); Street v. Smith, 456 F. Supp. 2d 761, 768 (S.D. Miss. 2006) (same); Kate Aspen, Inc. v. Fashioncraft-Excello, Inc., 370 F. Supp. 2d 1333, 1338 (N.D. Ga. 2005) ("[T]he first-filed rule generally requires the first court to decide whether the first-filed rule should apply, or whether a narrow exception to the rule that only applies in 'compelling circumstances,' favors transfer of the first-filed case to the second court for consolidation." (citations omitted)). Thus, once the Court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed. Cadle, 174 F.3d at 606; Mann Mfg. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971).[1] Rather, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." Cadle, 174 F.3d at 606.

Because, as noted above, it is beyond dispute that the present action post-dates the New York case, and it is clear that there is a likelihood of substantial overlap between the two cases, the United States District Court for the Eastern

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.

5

District of New York is the appropriate court to decide whether the this action should be allowed to proceed, or whether it should be consolidated with the New York case. Given the Court's authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought," the Clerk is directed to **TRANSFER** this action to the United States District Court for the Eastern District of New York.

Conclusion

Based on the foregoing, Defendant's Motion to Transfer the Case [5-2] is **GRANTED**. The Clerk shall **TRANSFER** this action to the United States District Court for the Eastern District of New York. In light of this ruling, Defendant's Motion to Dismiss [5-1], Defendant's Motion to Stay Discovery and Pretrial Deadlines Pending Resolution of Motion to Dismiss or Transfer [12], Defendant's Motion to Strike Status Report [40], and Plaintiff's Motion Seeking an Order Allowing Discovery to Commence and Compelling Defendant to Respond to Discovery [42] are **DENIED, as moot**.

**SO ORDERED**, this  15th  day of March, 2012.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)